IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JULIUS WESLEY KIKER                                                                PETITIONER

versus                                                                       NO. 1:07cv2-LG-RHW

JIM HOOD, ET. AL.                                                                 RESPONDENTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

BEFORE THE COURT is the Application of Julius Wesley Kiker for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed January 4, 2007.  Respondents filed a Motion to Dismiss for Failure to Exhaust on January 16, 2007.  Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

**FACTS AND PROCEDURAL HISTORY**

On August 1, 2003, Petitioner, Julius Wesley Kiker, was convicted of murder in the Circuit Court of George County, Mississippi and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Kiker appealed, assigning as error the following:

(1)   the prosecution violated the rule of sequestration in a tactical maneuver which prejudiced Mr. Kiker's right to a fair trial;

(2)   Mr. Kiker's jury was not sworn with a capital or non-capital petit juror oath, and therefore his verdict is unconstitutional, contrary to a mandatory statute and void;

(3)   Mr. Kiker's conviction for murder was unsupported by sufficient evidence and the trial court erred in denying his Motion for a Directed Verdict, his request for a peremptory instruction and his Motion for a New Trial or a JNOV.  The trial court also erred in not applying the Weathersby Rule to Mr. Kiker's case;

(4) the trial court erred in admitting photographs which served no other purpose than to inflame the jury against Mr. Kiker;

(5) the trial court erred in admitting improper impeachment testimony through Dr. Van Derwood and in limiting the testimony of Mr. Kiker's mother, Elizabeth Reed.

The Mississippi Court of Appeals affirmed Kiker's conviction and sentence June 7, 2005. *Kiker v. State*, 919 So.2d 190 (Miss. Ct. App. 2005)(Cause No. 2003-KA-02376), *reh'g denied*, October 11, 2005.

On January 19, 2006, the Mississippi Supreme Court denied Kiker's Motion for Writ of Certiorari. There is no record that Kiker filed an Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court.

On January 4, 2007, counsel filed on Kiker's behalf a Petition for Writ of Habeas Corpus in the Southern District of Mississippi, asserting the following claims:

(1) Petitioner was denied a proper instruction of law being the Weathersby Rule pertaining to self defense, which denied him substantive due process of law.

(2) Petitioner was denied effective assistance of Counsel as contemplated by the Sixth Amendment to the United States Constitution in that his trial counsel (1) did not make a proper investigation of the crime scene; (2) Petitioner's trial counsel, Honorable Sidney Barnett, without Petitioner's knowledge, had a conflict of interest in that he was representing Petitioner and a state witness, Bobby Crawford, at the same time. That Bobby Crawford, a prison inmate, gave damaging testimony against Petitioner. (3) That prior to trial the state offered Petitioner a Plea Bargain of five (5) years on manslaughter which Petitioner was inclined to accept as a best interest plea. However, Petitioner's attorney, Honorable Darryl Hunt, said "no", that he would know all of the jurors and would have probably represented most of them and there would be no conviction. (4) That Petitioner's attorneys made no effort to secure expert witnesses in opposition to the state's crime lab experts with questionable expertise in their field. (5) Petitioner's attorneys placed Petitioner on the witness stand in his own behalf without presenting any character witnesses as to his reputation for truth and veracity.

(3) The Honorable trial court denied Petitioner a fair trial by allowing a state witness, J.D. Mitchell, to testify in violation of the exclusionary rule after sequestration of

>witnesses was invoked.  Further, the Court failed to give the Petit Jurors the oath as required in this case by Mississippi Statutory Law.

Respondents moved to dismiss for failure to exhaust, stating:

> Kiker could, at this juncture, promptly proceed to state court to pursue his claim (thereby tolling the federal limitations period) and thereafter, diligently file a new federal habeas petition.  Because Kiker has at least three (3) months before the federal habeas limitation expires, respondents submit that pursuing exhaustion in state court would not necessarily deprive Kiker of the opportunity to seek federal habeas review.

Resp. Mot. to Dismiss p. 5.  As of today, Petitioner's attorney has filed no response to the motion to dismiss, nor has he provided any evidence that Mr. Kiker has exhausted his state remedies.

## DISCUSSION

Section 2254(a) of Title 28, United States Code, as amended, provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The statute further states:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)   (i) there is an absence of available State corrective process; or
>>
>>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

"This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  To "protect the integrity of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies." *Id.* at 848.   In *O'Sullivan*, the Supreme Court found that a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has *not properly* presented his claims to the state court. *Id.*  It is a fundamental prerequisite to federal habeas relief that Petitioner exhaust all of his claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050, 116 S.Ct. 715, 133 L.Ed.2d 669 (1996). The exhaustion doctrine, in other words, turns on an inquiry into what procedures are "available" under state law. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. 1728.

It is apparent from the record that by failing to pursue post conviction relief, Kiker has not exhausted his available state remedies.  A habeas Petitioner who has failed to exhaust all of his post conviction remedies has not asserted a cognizable right to federal habeas relief under Section 2254.  See *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

## RECOMMENDATION

Having considered the Petition, Respondent's motion, exhibits and memorandum, and the relevant legal authority, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED.**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 1st day of August, 2007.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE