IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JULIUS WESLEY KIKER** | § | **PETITIONER** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV2-LG-RHW** |
| | § | |
| **JIM HOOD, ET AL.** | § | **RESPONDENTS** |

### ORDER ADOPTING PROPOSED FINDINGS OF FACT RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

This cause comes before the Court on the Proposed Findings of Fact and Recommendations of United States Magistrate Judge Robert H. Walker entered in this cause on August 1, 2007. Magistrate Judge Walker reviewed the Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus For Failure to Exhaust [4] and determined that the Motion should be granted.

DISCUSSION

THE LEGAL STANDARD:

The Petitioner has filed objections [9] to the Magistrate Judge's findings and recommendation. If any party objects to the recommendation, the Court must review it *de novo*. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will examine the record and make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). The Petitioner has objected to the recommendation in several respects, and the Court has conducted a *de novo* review of those portions of the Findings of Fact and Recommendations to which Petitioner objects.

THE MAGISTRATE JUDGE'S FINDINGS OF FACT AND CONCLUSIONS:

The Magistrate Judge reviewed Petitioner's state court proceedings, beginning with Petitioner's conviction for murder in 2003 and ending with the Mississippi Supreme Court's denial of Petitioner's motion for writ of certiorari on January 19, 2006.  Petitioner had not filed a state habeas petition at the time he filed his federal habeas petition on January 4, 2007.  Stating "it is a fundamental prerequisite to federal habeas relief that Petitioner exhaust all of his claims in state court prior to requesting federal collateral relief," the Magistrate Judge found it apparent that by failing to file a state habeas petition Petitioner had not exhausted his available state remedies.  *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996).  Dismissal on that basis was therefore recommended.  (Proposed FF & Recom., docket entry 5, pg. 4).  The Court agrees that the record shows Petitioner has failed to exhaust his state court remedies.

PETITIONER'S OBJECTIONS:

Petitioner objects on the basis that Petitioner's counsel claims to have not received electronic notification that the Respondents' Motion to Dismiss had been filed, which caused his failure to file a response.  Furthermore, Petitioner contends that instead of dismissing the Petition for failure to exhaust state court remedies, the Court should hold the Petition in abeyance under the authority of *Rhines v. Weber*, 544 U.S. 269 (2005), while Petitioner pursues a state habeas petition he filed on August 10, 2007. (Exh. "A" to Pet. Objection).  Petitioner also asks for a "ruling that the statute of limitations was tolled on the date of filing, that being January 4, 2007." (Pet. Objection, pg. 1).

Petitioner's objection based on counsel's failure to receive the Motion to Dismiss is not

well-taken.  The electronic receipt for the Motion to Dismiss shows that notice of the filing was electronically mailed to counsel, Percy S. Stanfield, Jr., at the email address on file with the clerk of court.  "This notice represents service of the document on parties who are registered participants with the system."[1]  Furthermore, Petitioner's failure to exhaust his state court remedies is unrelated to his purported failure to receive the Respondent's Motion to Dismiss in this federal proceeding.  His obligation to exhaust state remedies before seeking federal relief existed without regard to Respondent's filings.  This objection is therefore overruled.

      Next, Petitioner objects to the Magistrate Judge's dismissal recommendation, arguing that the more appropriate course would be to hold the federal petition in abeyance while the state petition is pending.  In the *Rhines* case cited above, the Supreme Court held that the district courts have the authority to hold a mixed petition - one with exhausted and unexhausted claims - in abeyance so that the unexhausted claims could be adjudicated by the state courts and then rejoined with the exhausted claims in the federal petition.  *Rhines v. Webber*, 544 U.S. at 275.  However, in this case none of the claims had been exhausted, a situation not addressed by *Rhine*.  In any event, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims."  *Id*. at 277.  Petitioner has made no showing of good cause for his failure to timely file a state habeas corpus petition.  The Court therefore finds that a stay and abeyance is not warranted in this case.  Furthermore, it is well-established that the filing of a federal habeas petition does not toll the statute of limitations.  *Id.* at 274-75.  Accordingly, these objections will be overruled.

---

[1] Section 4(A)(1) of the Administrative Procedures for Electronic Case Filing.

CONCLUSION

After conducting a *de novo* review of this matter, the Court, finds that the Proposed Findings of Fact and Recommendations of United States Magistrate Judge Robert H. Walker entered in this cause on August 1, 2007 should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Proposed Findings of Fact and Recommendations [5] of United States Magistrate Judge Robert H. Walker entered in this cause on August 1, 2007 should be, and the same hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Respondent's Motion to Dismiss [4] is **GRANTED** and Petitioner's 28 U.S.C. § 2254 habeas corpus application is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE